UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELIKE DEWEY,<br><br>    Plaintiff,<br><br>    v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 2:18-cv-3235-MCE-EFB PS<br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted.[2] 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Plaintiff has also filed a request to file documents electronically. ECF No. 4. Local Rule 133 requires pro se parties to file and serve paper documents unless the assigned district judge or magistrate judge grants permission to file electronically. E.D. Cal. L.R. 133(a), (b)(2). Here, plaintiff has demonstrated an ability to file documents conventionally, and there are no circumstances warranting a deviation from the local rule. Accordingly, the request is denied.

1

which relief may be granted, or seeks monetary relief against an immune defendant.  As explained below, plaintiff's complaint must be dismissed for failure to state a claim.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The complaint alleges that plaintiff was previously a student at the University of California, Davis.  ECF No. 1 at 2.  During the 2017 spring quarter, plaintiff enrolled in a chemistry class taught by defendant Matthew Augustine. *Id*. at 2-3.  Augustine often attended conferences and, in his absence, would leave his teaching assistant, defendant Trisha Wong, in charge of teaching the course. *Id*. at 2.  Plaintiff's relationship with Wong was hostile.  Wong allegedly singled out plaintiff and subjected her to harassment and discrimination on account of

"plaintiff's age, pace, and accent." *Id*. at 3. Plaintiff also claims that Wong wrongly accused plaintiff of misconduct, denied her access to the chemistry lab and its equipment, and provided preferential treatment to other students. *Id*. at 10-11, 14.

As part of the course, plaintiff submitted an assignment that focused on how to use a computer program called Matlab. *Id*. at 12-13. Wong, who was responsible for grading student's work, gave plaintiff an "F" grade and wrote "re-write" on plaintiff's assignment. *Id*. at 14. After plaintiff questioned some of the other notations Wong wrote on plaintiff's submitted assignment, Wong became very agitated and told plaintiff she "was too old and did not belong in this class." *Id*. Thereafter, Wong wrongfully accused plaintiff of plagiarizing an assignment[3] and reported the alleged conduct to the Office of Student Support and Judicial Affairs ("OSSJA"). *Id*. Plaintiff also claims that Wong intentionally gave her a "C-" grade, which is the lowest grade a student can receive without being able to retake the course. *Id*. at 15. As a result, plaintiff's grade point average dropped below a 2.0, which precluded her from graduating. *Id*. at 15-16.

In July 2017, a hearing concerning the plagiarism accusation was held before a student panel comprised of defendants Thomas McAllister, Stephanie Peralta, and Niels Gronbech-Jensen. *Id*. at 4, 16. The following month, defendant Donald Dudley, an inactive attorney[4], issued a Notice of Decision finding that plaintiff had plagiarized her assignment. *Id*. at 16. Plaintiff subsequently appealed that decision and requested a recording of the hearing, which was never provided. *Id*. Plaintiff's appeal was ultimately denied by defendant Maribeth Kane, "a third-party decision-maker" acting on behalf of defendant the Regents of the University of California. *Id*. 5. Plaintiff contends that the defendants who concluded she plagiarized her work "did not know the meaning of plagiarism in science." *Id*. at 5, 12-13.

The complaint alleges claims for violation of the Age Discrimination Act, 42 U.S.C. §§ 6101, *et seq.*; Title VI of the Civil Rights Act of 1964, 42 U.S.C § 2000d; Section 504 of the

---

[3] It is unclear whether plaintiff was accused of plagiarizing the "Matlab" assignment or a subsequent assignment.

[4] Plaintiff claims that inactive attorneys are not permitted to issue decisions on behalf of OSSJA.

Rehabilitation Act, 29 U.S.C. § 794; Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, *et seq.*; and the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983.

Under the Age Discrimination Act, "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. The Age Discrimination Act only permits a plaintiff to obtain injunctive relief and does not allow for the recovery of monetary damages. *See* 42 U.S.C. § 6104(e)(1) (creating private right of action "to enjoin a violation of this Act by any program or activity receiving Federal financial assistance"; *Steshenko v. Gayrard*, 44 F. Supp. 3d 941 (N.D. Cal. 2014) (damages are not recoverable under the Age Discrimination Act); *Montalvo-Padilla v. University of Puerto Rico*, 498 F. Supp. 2d 464, 468 (D. Puerto Rico 2007) (the Age Discrimination Act "is limited to injunctive relief and the recovery of attorney's fees"); *Tyrrell v. City of Scranton*, 134 F. Supp. 2d 373, 383 (M.D. Pa. 2001) ("the [Act] cannot support an action for damages")); *Marin v. Eidgahy*, 2011 WL 2446384, at *7-8 (S.D. Cal. June 17, 2011) (same). Because plaintiff only seeks damages (ECF No. 1 at 20), her Age Discrimination Act claim fails.

Plaintiff also fails to state a claim for violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C § 2000d. To state a claim under Title VI, "a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994). "Because Title VI is directed at programs that receive federal assistance, there is no right of action against individual employees or agents of those entities." *Aguirre v. San Leandro Police Dept.*, 2011 WL 738292, at *3 (N.D. Cal. Feb. 22, 2011). Although plaintiff claims that she was subjected to discrimination on account of her national origin and accent, the complaint is devoid of any specific factual allegation supporting that conclusion. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ("The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."). Accordingly, she fails to adequately allege a Title VI claim.

/////

4

Plaintiff's claims for violation of section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act ("ADA") are similarly deficient. To state a disability discrimination claim under Section 504, a plaintiff must allege: "(1) he is an 'individual with a disability', (2) he is 'otherwise qualified' to receive the benefit; (3) he was denied the benefit of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Weinreich v. Los Angeles County Metropolitan Transp. Authority*, 114 F.3d 976, 978 (9th Cir. 1997) (emphasis in original). Under the Rehabilitation Act, "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (B) a record of such an impairment, or (C) being regarded as having such an impairment." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007).

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) she is a "qualified individual with a disability"; (2) she was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity."). Plaintiff's Rehabilitation Act and ADA claims rests solely on her conclusory allegation that she was subjected to discrimination based on her disability. But she does not provide any factual allegations demonstrating such discrimination, nor does she provide any specific allegations demonstrating that she is a person with a disability.

The complaint also fails to state a claim under 42 U.S.C. § 1983. Plaintiff alleges that defendants violated the Fourth Amendment by unlawfully seizing her diploma. ECF No. 1 at 2, 15-16. The Fourth Amendment guarantees the freedom from unreasonable searches and seizures. U.S. CONST., amend. IV. "Violation of the Fourth Amendment requires an intentional acquisition of physical control. A seizure occurs . . . when . . . [a] person or thing is the object of the detention or taking . . . ." *Brower v. Cty. of Inyo*, 489 U.S. 593, 596 (1989) (internal citations

omitted). Plaintiff's alleges that defendants' actions precluded her from completing the requirements for completing her degree. ECF No. 1 at 15-16. But she does not allege that any of the defendants took physical control of her diploma or any other property. Accordingly, she fails to state a Fourth Amendment claim.

Plaintiff also claims that defendants violated her right to due process under the Fourteenth Amendment by unlawfully seizing her diploma. ECF No. 1 at 7. She further alleges that defendant Dudley violated her right to due process by failing to provide her with a copy of the recording of the hearing before the OSSJA. *Id*. at 5. At a minimum, due process requires that the government provide notice and "an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Brewster v. Bd. of Ed. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 984 (9th Cir. 1998) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). The opportunity to be heard must be provided at a "meaningful time and in a meaningful manner." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 450 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986); *see also August v. L.A. Comm. College Dist. Bd. of Trustees*, 848 F.2d 1242 (9th Cir. 1988) (unpublished) (College satisfied requirements of due process clause where student was provided sufficient notice of the charges and a reasonable opportunity to be heard).

Assuming plaintiff has a protected property interest in completing her degree, *cf. Swany v. San Ramon Valley Unified School Dist.*, 720 F. Supp. 764, 774 (N.D. Cal. 1989) (finding that a plaintiff has protected property interest in diploma which arises when requirements for graduation are completed), plaintiff has failed to allege that she was not provided adequate procedural safeguards. She does not allege defendants failed to provide adequate notice of the plagiarism charge against her, nor does she allege that she was denied an opportunity to be heard on the charge. Instead, the complaint's allegations indicated that plaintiff was provided both notice and an opportunity to be heard. ECF No. 1 at 4 (alleging defendants McAllister, Peralta, and Gronbech-Jenson "were decision makers of the student panel at the plagiarism hearing.").

Lastly, plaintiff also cites to California Education Code §§ 220, 233.5, 51500, and 66030. To the extent plaintiff intends to allege state law claims for violation of these provisions, she has failed to establish subject matter jurisdiction over these claims. As explained above, she has yet

to assert a properly-pleaded federal cause of action which precludes supplemental jurisdiction over the state law claims. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ."). Nor has plaintiff established diversity jurisdiction over her state law claims. *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.).

Accordingly, plaintiff's complaint must be dismissed. However, plaintiff is granted leave to file an amended complaint. Any amended complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.

Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's request to file documents electronically (ECF No. 4) is denied.

3. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: March 18, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8