UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELIKE DEWEY, | No. 2:18-cv-3235-MCE-EFB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | |
| Defendants. | |

The court previously dismissed plaintiff's original complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).  ECF No. 6.[1]  Plaintiff was granted leave to file an amended complaint, and she has since filed a first amended complaint.  As discussed below, the first amended complaint fails to state a claim, and it too must be dismissed.

As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

1    obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and
2    conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual
3    allegations must be enough to raise a right to relief above the speculative level on the assumption
4    that all of the complaint's allegations are true." *Id*. (citations omitted).  Dismissal is appropriate
5    based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to
6    support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
7    1990).

8        Under this standard, the court must accept as true the allegations of the complaint in
9    question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
10   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
11   *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading
12   requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a
13   complaint to include "a short and plain statement of the claim showing that the pleader is entitled
14   to relief, in order to give the defendant fair notice of what the claim is and the grounds upon
15   which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

16       The amended complaint alleges that plaintiff was an undergrad student at the University
17   of California, Davis. ECF No. 7 at 2. During the 2017 spring quarter, she enrolled in a chemistry
18   class taught by defendant Matthew Augustine. *Id*. at 4-5. Defendant Trisha Wong, Augustine's
19   teaching assistant, was often responsible for running the class because Augustine was frequently
20   away at conferences. *Id*. at 2. Plaintiff claims that Wong acted "as an authority craving tyrant"
21   and would subject plaintiff to harassment and discrimination because she "did not like plaintiff's
22   age, pace, and accent." *Id*. at 4.

23       Plaintiff also alleges Wong wrongfully accused plaintiff of plagiarism and intentionally
24   gave her a "C-" grade—the lowest grade a student can receive without being able to retake the
25   course. *Id*. at 4. In July 2017, a hearing concerning the plagiarism accusation was held. Plaintiff
26   claims Augustine committed perjury at the hearing by stating he, rather than Wong, reported
27   plaintiff for plagiarism. *Id*. at 5. Sometime after the hearing, defendant Donald Dudley,
28   /////

1   an inactive attorney[2] acting on behalf of defendant's the Regents of the University of California
2   ("UC Regents"), issued a final decision finding that plaintiff had plagiarized an assignment. *Id*. at
3   5. As a result of that decision, plaintiff was precluded from graduating.
4       The complaint also alleges that the UC Regents engaged in predatory lending practices
5   and fraud. *Id*. at 2. In that regard, plaintiff claims that UC Regents charged undisclosed loan fees
6   and failed to disburse the full amount of plaintiff's student loans. *Id*. at 6.
7       Based on these allegations, plaintiff asserts claims for violation of the Age Discrimination
8   Act, 42 U.S.C. §§ 6101, *et seq.*; Title VI of the Civil Rights Act of 1964, 42 U.S.C § 2000d; the
9   Fourth Amendment under 42 U.S.C. § 1983; and predatory lending practices, as well as several
10  state law claims. However, as discussed below, the allegations of the newly amended complaint
11  fail to state a claim based on any of these grounds.
12      Under the Age Discrimination Act, "no person in the United States shall, on the basis of
13  age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination
14  under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. The
15  Age Discrimination Act only permits a plaintiff to obtain injunctive relief and does not allow for
16  the recovery of monetary damages. *See* 42 U.S.C. § 6104(e)(1) (creating private right of action
17  "to enjoin a violation of this Act by any program or activity receiving Federal financial
18  assistance; *Steshenko v. Gayrard*, 44 F. Supp. 3d 941, 951 (N.D. Cal. 2014) (damages are not
19  recoverable under the Age Discrimination Act); *Montalvo-Padilla v. University of Puerto Rico*,
20  498 F. Supp. 2d 464, 468 (D. Puerto Rico 2007) (the Age Discrimination Act "is limited to
21  injunctive relief and the recovery of attorney's fees"); *Tyrrell v. City of Scranton*, 134 F. Supp. 2d
22  373, 383 (M.D. Pa. 2001) ("the [Act] cannot support an action for damages")); *Marin v. Eidgahy*,
23  2011 WL 2446384, at *7-8 (S.D. Cal. June 17, 2011) (same).
24      The original complaint's ADA claim was dismissed because plaintiff only sought
25  damages. Plaintiff, in an apparent effort to remedy that deficiency, now "seeks injunctive relief
26  against all defendants" requiring them to provide "a full refund" of the tuition she paid. ECF No.

---

[2] Plaintiff appears to claim Dudley was not permitted to be involved in the plagiarism hearing due to his inactive status.

1 7. Notwithstanding her characterization of this requested compensation as "injunctive relief,"
2 plaintiff does not seek to enjoin an ongoing violation of the Age Discrimination Act, or order to
3 restore her status or alter the relationship of the parties in some manner to redress a violation.
4 Rather, she only seeks compensatory monetary damages in the amount of the tuition she paid.
5 Accordingly, her Age Discrimination Act claim fails. *Cf. eBay Inc. v. Merc Exchange, L.L.C.*,
6 547 U.S. 388, 391 (2006) (an injunction will not be granted unless the "remedies available at law,
7 such as monetary damages, are inadequate to compensate for that injury.").

8        Plaintiff also fails to state a claim for violation of Title VI of the Civil Rights Act of 1964,
9 42 U.S.C § 2000d.  To state a claim under Title VI, "a plaintiff must allege that (1) the entity
10 involved is engaging in racial discrimination; and (2) the entity involved is receiving federal
11 financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir.
12 1994). "Because Title VI is directed at programs that receive federal assistance, there is no right
13 of action against individual employees or agents of those entities." *Aguirre v. San Leandro*
14 *Police Dept.*, 2011 WL 738292, at *3 (N.D. Cal. Feb. 22, 2011).  Plaintiff claims that she was
15 mocked, harassed, and subjected to discrimination on account of her national origin and accent.
16 ECF No. 7 at 4, 8.  But the first amended complaint, like plaintiff's earlier complaint, contains no
17 specific factual allegations supporting that conclusion. *See Clegg v. Cult Awareness Network*, 18
18 F.3d 752, 754-55 (9th Cir. 1994) ("The court is not required to accept legal conclusions cast in
19 the form of factual allegations if those conclusions cannot reasonably be drawn from the facts
20 alleged."). Accordingly, plaintiff fails to adequately allege a Title VI claim.

21        Plaintiff also claims that defendants violated the Fourth Amendment "by seizing
22 plaintiff's diploma with the wrongful [plagiarism] decision and the graduation hold." ECF No. 7
23 at 6.  The Fourth Amendment guarantees the freedom from unreasonable searches and seizures.
24 U.S. CONST., amend. IV.  "Violation of the Fourth Amendment requires an intentional acquisition
25 of physical control.  A seizure occurs . . . when . . . [a] person or thing is the object of the
26 detention or taking . . . ." *Brower v. Cty. of Inyo*, 489 U.S. 593, 596 (1989) (internal citations
27 omitted).  While plaintiff claims that the defendants precluded her from obtaining a diploma, she
28 never possessed it.  Thus, she does not allege that the defendants took it from her possession or

4

1  seized any other property from plaintiff.  Accordingly, she fails to state a Fourth Amendment
2  claim.

3        Plaintiff also purports to assert a claim for predatory lending practices against UC Regents
4  based on its failure to disclose loan fees and properly disburse plaintiff's student loans.  ECF No.
5  7 at 2, 8.  But plaintiff does not identify a specific statute that the UC Regents allegedly violated
6  regarding such practices, and it is not clear from her vague and conclusory allegations what
7  specific claim she is attempting to assert.  Accordingly, this claim, too, must be dismissed.

8        Lastly, the amended complaint appears to assert state law claims for fraud, defamation,
9  and violations of multiple sections of the California Education Code.  ECF No. 7 at 2, 9.  But
10 plaintiff has yet to assert a properly-pleaded federal cause of action that could support the
11 assertion of supplemental jurisdiction over the state law claims.  *See* 28 U.S.C. §§ 1331 ("The
12 district courts shall have original jurisdiction of all civil actions arising under the Constitution,
13 laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it
14 "shall have supplemental jurisdiction over all other claims that are so related to claims in the
15 action within such original jurisdiction . . . .").  Nor has plaintiff established diversity jurisdiction
16 over her state law claims.  *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*,
17 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically
18 allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.).

19       Accordingly, the amended complaint must be dismissed for failure to state a claim
20 pursuant to 28 U.S.C. 1915(e)(2).  Further, it appears that leave to amend would be futile.
21 Plaintiff has already been afforded an opportunity to amend, and her allegations continue to fall
22 far short of stating a cognizable claim.[3]  Consequently, it is recommended that the dismissal be
23 without further leave to amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while
24 the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be
25 granted where it appears amendment would be futile).
26 /////

---

27
28     [3] Indeed, in many respects the first amended complaint is more deficient than the earlier complaint.

Accordingly, it is hereby RECOMMENDED that plaintiff's first amended complaint (ECF No. 7) be dismissed without leave to amend, and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 24, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE